Mr. William Bowden Fayetteville Bureau Chief Arkansas Democrat p. O. Box 3059 Fayetteville, AR 72702
Dear Mr. Bowden:
This is in response to your request for an opinion pursuant to A.C.A. 25-19-105(c)(3) (Supp. 1989), which is part of the Arkansas Freedom of Information Act ("FOIA"). This provision authorizes the custodian, requestor, or the subject of personnel or evaluation records to seek an opinion from the Attorney General concerning the custodian's determination with respect to the disclosure of such records.
You state that you requested access to the personnel files of two employees of the University of Arkansas Athletic Department whose employment was terminated after they admitted to theft of property.
You have enclosed a copy of your FOIA request to the University, wherein you stated that you are requesting information in the personnel files concerning their termination from the University and any reasons given for their termination. You were informed by the University that there is no justification for disclosing records related to the cessation of employment of these individuals.
Arkansas Code of 1987 Annotated 25-19-105 states in pertinent part as follows:
 (a) Except as otherwise specifically provided by this section or bylaws specifically enacted to provide otherwise, all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records.
 (b) It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:
* * *
 (10) Personnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy.
Of additional relevance to your inquiry is A.C.A.25-19-105(c)(1) (Supp. 1989) which states:
 However, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure.
It is therefore clear that personnel records are generally exempt from disclosure only to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." (Employee evaluation or job performance records are discussed below.) If the exempt information can be removed, it is to be censored and the record made available for inspection and copying.
This office has previously opined that judicial interpretation of the federal Freedom of Information Act may be resorted to in determining what constitutes a "clearly unwarranted invasion of personal privacy." The federal courts have, as a general matter, narrowly construed the phrase "invasion of personal privacy." As noted by the author of one law review article, the courts have generally required that the information be some type of intimate detail or, restated, a "public disclosure of private facts." Watkins, 37 Ark. L. Rev. 741, 789 (1984). I have enclosed a copy of Opinion No. 87-115 wherein reference is made to the types of information that have been exempted through interpretation.
It must also be noted in this instance that employee evaluation or job performance records are exempt from disclosure under A.C.A. 25-19-105(c)(1) (Supp. 1989) until such time as they form a basis for the suspension or dismissal of an employee who has exhausted his or her administrative remedies, and if there is a compelling public interest in their disclosure. This office has previously concluded, with regard to the termination of three teachers by school administrators, that letters in the personnel files advising the teachers of their termination qualified as job performance records. These letters "relate[d] to the employees' performance or lack of performance," and as such were properly classified as "performance records." See Att'y Gen. Op. No. 88-097.
Other employee evaluation or job performance records may be subject to disclosure in this instance if they "form[ed] the basis for the decision to . . . terminate" these former employees. A.C.A. 25-19-105(c)(1) (Supp. 1989). It was concluded, for instance, in Opinion Number 88-097 (copy enclosed) that records collected or created as part of an investigation in that case leading to the decision to recommend termination fell within the "job performance records" provision of the FOIA.
Consideration must, however, also be given in this instance to the so-called "law enforcement" exception under the Arkansas FOIA. Subsection (b)(6) of 25-19-105 provides that "[u]ndisclosed investigations by law enforcement agencies of suspected criminal activity" are not subject to inspection by the public. It has been stated in this regard that a record is considered as being an "investigation" record "only if it is compiled in connection with an enforcement investigation or proceeding involving specific, suspected law violations." John J. Watkins, The Arkansas Freedom of Information Act, A Guide for Attorneys, Public Officials, Journalists, Citizens 71 (1988).
It is my understanding that a criminal investigation is underway in this instance. Not having had an opportunity to review all of the records in question, we are compelled to note this provision which may or may not be implicated. As a general matter, however, the record(s) must be sufficiently investigative in nature to qualify for the exemption. A record in a personnel file that would otherwise qualify as an "employee evaluation or job performance" record under subsection (c)(1) does not, in my opinion, become an investigation record simply by virtue of the fact that it recites information obtained by law enforcement agencies. If the evaluation or job performance record formed the basis for the termination decision, and there is a final administrative resolution, the record will be open if there is a "compelling public interest in disclosure." This office has previously referenced federal case law in this regard wherein disclosure was mandated where the circumstances reflected a legitimate public interest in matters extending beyond the individual career of the public servant. Att'y Gen. Op. No. 88-078, citing Columbia Packing Co., Inc. v. U.S. Dept. of Agriculture, 563 F.2d 495 (1st Cir. 1977).
It is my opinion that the balance must tip in favor of disclosure in this instance of those records otherwise falling within A.C.A. 25-19-105(c)(1) (Suppl. 1989).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney general
SC:arb
[1] If no review is sought within the agency, the initial decision is "final" for purposes of 25-19-105(c)(1) (Supp. 1989). Watkins, The Arkansas Freedom of Information Act 94 (1988).